CILENTI & COOPER, PLLC
Justin Cilenti (GC2321)
Peter H. Cooper (PHC4714)
10 Grand Central
155 East 44th Street – 6th Floor
New York, NY 1001 7
T. (212) 209-3933
F. (212) 209-7102
info@jcpclaw.com
*Attorneys for Plaintiffs*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------------X

| | |
|---|---|
| QUIRINO ORTEGA GONZALEZ, ANTONIO ORTEGA GONZALEZ, and CRUZ MEJIA, on behalf of themselves and others similarly situated, | Case No. 21_CV_1158 |
| Plaintiffs, | FLSA COLLECTIVE ACTION COMPLAINT |
| -against- | |
| NINTH AVE. KITCHEN CORP. d/b/a YUM YUM TOO, BOYYTHAI CORP. d/b/a YUM YUM TOO, AMNARD BHUVIRIYAKUL, NARES JETANAMEST, and PETER KWANCHAIPRUCK, | **Jury Trial Demanded** |
| Defendants. | |

----------------------------------------------------------------------X

    Plaintiffs,   QUIRINO   ORTEGA   GONZALEZ,   ANTONIO   ORTEGA

GONZALEZ, and CRUZ MEJIA ("Plaintiffs"), on behalf of themselves and other

similarly situated employees, by and through their undersigned attorneys, Cilenti &

Cooper, PLLC, file this Complaint against defendants NINTH AVE. KITCHEN CORP.

d/b/a YUM YUM TOO ("NINTH AVE. KITCHEN CORP."), BOYYTHAI CORP. d/b/a

YUM YUM TOO ("BOYYTHAI CORP.") (collectively, the "Corporate Defendants"),

AMNARD    BHUVIRIYAKUL,    NARES    JETANAMEST,    and    PETER

KWANCHAIPRUCK (collectively, the "Individual Defendants") and state as follows:

## INTRODUCTION

1.      Plaintiffs allege that, pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C. §§ 201 *et seq.* ("FLSA"), they are entitled to recover from Defendants: (a) unpaid overtime compensation, (b) liquidated damages, (c) prejudgment and post-judgment interest, and (d) attorneys' fees and costs.

2.      Plaintiffs further allege that, pursuant to the New York Labor Law, they are entitled to recover from Defendants: (a) unpaid minimum wages, (b) unpaid overtime compensation, (c) unpaid "spread of hours" premium for each day their work shift exceeded ten (10) hours, (d) liquidated and statutory damages pursuant to the New York Labor Law and the New York State Wage Theft Prevention Act, (e) prejudgment and post-judgment interest, and (f) attorneys' fees and costs.

## JURISDICTION AND VENUE

3.      This Court has jurisdiction over this controversy pursuant to 29 U.S.C. §216(b), 28 U.S.C. §§ 1331, 1337 and 1343, and has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367.

4.      Venue is proper in the Southern District pursuant to 28 U.S.C. § 1391 because the conduct making up the basis of the complaint took place in this judicial district.

## PARTIES

5.      Plaintiffs are each residents of Bronx County, New York.

6.      Defendant, NINTH AVE. KITCHEN CORP., is a domestic business corporation organized under the laws of the State of New York, with a principal place of business located at 662 Ninth Avenue, New York, New York 10036.

7.      Defendant, NINTH AVE. KITCHEN CORP., owns and operates a Thai restaurant, doing business as Yum Yum Too, located at 662 Ninth Avenue, New York, New York 10036 (the "Restaurant").

8.      Defendant, BOYYTHAI CORP., is a domestic business corporation organized under the laws of the State of New York, with a principal place of business located at 662 Ninth Avenue, New York, New York 10036.

9.      Defendant, BOYYTHAI CORP., owns and operates a Thai restaurant, doing business as Yum Yum Too, located at 662 Ninth Avenue, New York, New York 10036 (the "Restaurant").

10.     At all times prior to the start of the Covid-19 pandemic in or about March 2020, the Corporate Defendants employed at least eleven (11) individuals at the Restaurant at any given time.

11.     The Individual Defendants are the officers and principal owners, members, directors, supervisors, managing agents, and proprietors of the Corporate Defendants, who actively participate in the day-to-day operation of the Restaurant and acted intentionally and maliciously and are employers pursuant to the FLSA, 29 U.S.C. § 203(d) and Regulations promulgated thereunder, 29 C.F.R. § 791.2, as well as New York Labor Law § 2 and the Regulations thereunder, and are jointly and severally liable with the Corporate Defendants.

12.     The Individual Defendants exercise control over the employment terms and conditions of the Restaurant's employees in that they have the power to, and do in fact: (i) hire and fire employees, (ii) determine rates and methods of pay, (iii) determine

3

work schedules, (iv) supervise the work of the employees, and (v) maintain proper wage and hour records.

13.     At least within each of the three (3) most recent years related to the allegations herein, NINTH AVE. KITCHEN CORP. was, and continues to be, an "enterprise engaged in commerce" within the meaning of the FLSA in that it (i) has and has had employees engaged in commerce or in the production of goods for commerce, or that handle, sell, or otherwise work on goods or materials that have been moved in or produced for commerce, and (ii) has and has had an annual gross volume of sales of not less than $500,000.

14.     At least within each of the three (3) most recent years related to the allegations herein, BOYYTHAI CORP. was, and continues to be, an "enterprise engaged in commerce" within the meaning of the FLSA in that it (i) has and has had employees engaged in commerce or in the production of goods for commerce, or that handle, sell, or otherwise work on goods or materials that have been moved in or produced for commerce, and (ii) has and has had an annual gross volume of sales of not less than $500,000.

15.     Defendants have continuously employed Plaintiff, QUIRINO ORTEGA GONZALEZ (a/k/a "Jose"), to work as a non-exempt dishwasher and kitchen helper/food preparer for Defendants' Restaurant from in or about July 2017 through the present time.

16.     Defendants continuously employed Plaintiff, ANTONIO ORTEGA GONZALEZ, to work as a non-exempt dishwasher for Defendants' Restaurant from on or about June 10, 2019 through on or about March 15, 2020.

17.     Defendants continuously employed Plaintiff, CRUZ MEJIA, to work as a non-exempt dishwasher, food preparer, and cook for Defendants' Restaurant from in or about June 2016 through on or about March 15, 2020.

18.     The work performed by Plaintiffs was directly essential to the business operated by Defendants.

19.     Defendants knowingly and willfully failed to pay Plaintiffs their lawfully earned minimum wages in direct contravention of the FLSA and New York Labor Law.

20.     Defendants knowingly and willfully failed to pay Plaintiffs their lawfully earned overtime compensation in direct contravention of the FLSA and New York Labor Law.

21.     Defendants knowingly and willfully failed to pay Plaintiffs their lawfully earned "spread of hours" premium in direct contravention of the New York Labor Law.

22.     Plaintiffs have satisfied all conditions precedent to the institution of this action, or such conditions have been waived.

## STATEMENT OF FACTS

23.     The Individual Defendants actively participate in the day-to-day operation of the Restaurant. For instance, the Individual Defendants jointly make the decisions to hire and fire employees; supervise and direct the work of the employees; and instruct the employees how to perform their jobs.

24.     Additionally, the Individual Defendants jointly create and implement all business policies and makes all crucial business decisions, including decisions concerning the number of hours the employees are permitted to work, the amount of pay

that the employees are entitled to receive, and the manner and method by which the employees are to be paid.

25.     The Corporate Defendants are associated as a single enterprise, having utilized Plaintiffs and other similarly situated employees in a fungible and interchangeable manner as workers in the business operated by Defendants.

26.     The Corporate Defendants are each engaged in related activities, namely, providing restaurant services to the general public for profit. The Corporate Defendants shared Plaintiffs and other similarly situated employees, acted in the interest of each other with respect to employees, paid their employees by the same plan or scheme, and were under common control.

27.     The Corporate Defendants were controlled by the same owner or owner group, operating as a unified operation and, upon information and belief, each provided mutually supportive services to the substantial advantage of the other such that each entity was operationally interdependent of each other and, therefore, may be treated as a single enterprise.

28.     To the extent that NINTH AVE. KITCHEN CORP. is the successor to BOYYTHAI CORP., or vice versa, and the successor corporation acquired substantial assets of its predecessor, and has continued, without interruption or substantial change, the business operations of the predecessor and, therefore, the successor corporation  is liable for the debts and liabilities of its predecessor.

**Plaintiff Quirino Ortega Gonzalez**

29.     In or about July 2017, Defendants hired Plaintiff, QUIRINO ORTEGA GONZALEZ (a/k/a "Jose"), to work as a non-exempt dishwasher and food preparer/kitchen helper at the Restaurant.

30.     Neither at the time of hire, nor anytime thereafter, did Defendants provide Plaintiff with a written wage notice setting forth, among other things, his regular hourly rate of pay, any tip credits taken against the statutory minimum wage, and Plaintiff's corresponding overtime rate of pay.

31.     Defendants failed to provide Plaintiff with a written wage notice/"tip credit" notification.

32.     Plaintiff continually worked for Defendants in those capacities until on or about January 31, 2021.

33.     The Restaurant was closed from on or about March 16, 2020 through in or about June 2020 due to the Covid-19 pandemic.

34.     Prior to the Restaurant's temporary closure on or about March 16, 2020, Plaintiff worked over forty (40) hours per week.

35.     Prior to the Restaurant's temporary closure on or about March 16, 2020, Plaintiff was required to punch a time clock or other time-recording device at the beginning and end of his work shift.

36.     From the beginning of Plaintiff's employment in or about July 2017 and continuing until on or about March 15, 2020, Plaintiff worked six (6) days per week (Fridays off) and, although his work schedule fluctuated slightly each day and week, he

7

normally worked eight and one-half (8½) hours per day from 5:00 p.m. until 1:30 a.m. Plaintiff did not receive a designated break for rest or meals.

37.    Upon returning from the Restaurant's temporary closure in or about July 2020 and continuing through the remainder of his employment on or about January 31 2021, Plaintiff worked three (3) to four (4) days per week, and his work schedule consisted of eight (8) hours per day from 3:00 p.m. until 11:00 p.m.  Plaintiff did not receive a designated break for rest or meals.

38.    From the beginning of Plaintiff's employment in or about July 2017 and continuing through in or about August 2017, Plaintiff was not paid proper overtime compensation.  During this period, Plaintiff was paid at the rate of $80 per day ($480 per week) straight time for all hours worked, and worked approximately fifty-one (51) hours per week.  Work performed above forty (40) hours per week was not paid at the statutory rate of time and one-half as required by state and federal law.

39.    Beginning in or about September 2017 and continuing through in or about December 2017, Plaintiff was not paid proper overtime compensation.  During this period, Plaintiff was paid at the rate of $90 per day ($540 per week) straight time for all hours worked, and worked approximately fifty-one (51) hours per week.  Work performed above forty (40) hours per week was not paid at the statutory rate of time and one-half as required by state and federal law.

40.    Beginning in or about January 2018 and continuing through in or about December 2018, Plaintiff was not paid proper overtime compensation.  During this period, Plaintiff was paid at the rate of $96 per day ($576 per week) straight time for all hours worked, and worked approximately fifty-one (51) hours per week.  Work

8

performed above forty (40) hours per week was not paid at the statutory rate of time and one-half as required by state and federal law.

41.    Beginning in or about January 2019 and continuing through in or about November 2019, Plaintiff was not paid proper minimum wages or overtime compensation. During this period, Plaintiff was paid at the rate of $96 per day ($576 per week) straight time for all hours worked, and worked approximately fifty-one (51) hours per week. Work performed above forty (40) hours per week was not paid at the statutory rate of time and one-half as required by state and federal law.

42.    Beginning in or about December 2019 and continuing through on or about March 15, 2020, Plaintiff was not paid proper overtime compensation. During this period, Plaintiff was paid at the rate of $100 per day ($600 per week) straight time for all hours worked, and worked approximately fifty-one (51) hours per week.    Work performed above forty (40) hours per week was not paid at the statutory rate of time and one-half as required by state and federal law.

43.    Beginning in or about July 2020 and continuing through the remainder of his employment on or about January 31, 2021, Plaintiff was not paid proper minimum wages. During this period, Plaintiff was paid at the rate of $100 per day ($300-400 per week), and worked approximately twenty-four (24) to thirty-two (32) hours per week.

44.    Upon paying Plaintiff his wages each week, Defendants failed to provide Plaintiff with a wage statement setting forth, among other things, Plaintiff's gross wages, deductions, and net wages.

**Plaintiff Antonio Ortega Gonzalez**

45.     On or about June 10, 2019, Defendants hired Plaintiff, ANTONIO ORTEGA GONZALEZ, to work as a non-exempt dishwasher at the Restaurant.

46.     Neither at the time of hire, nor anytime thereafter, did Defendants provide Plaintiff with a written wage notice setting forth, among other things, his regular hourly rate of pay, any tip credits taken against the statutory minimum wage, and Plaintiff's corresponding overtime rate of pay.

47.     Defendants failed to provide Plaintiff with a written wage notice/"tip credit" notification.

48.     Plaintiff worked for Defendants in that capacity until on or about March 15, 2020.

49.     Plaintiff worked over forty (40) hours per week.

50.     Throughout the entirety of his employment, Plaintiff was required to punch a time clock or other time-recording device at the beginning and end of his work shift.

51.     Throughout the entirety of his employment, Plaintiff worked six (6) days per week (Thursday off) and, although his work schedule fluctuated slightly each day and week, he typically worked seven and one-half (7½) hours per day four (4) days per week from 5:00 p.m. until 12:30 a.m.; and eight (8) per day two (2) days per week from 5:00 p.m. until 1:00 a.m. Plaintiff did not receive a designated break for rest or meals.

52.     Throughout the entirety of his employment, Plaintiff was not paid proper minimum wages or overtime compensation. During this period, Plaintiff was paid at the rate of $96 per day ($576 per week) straight time for all hours worked, and worked at

10

least forty-six (46) hours per week, and sometimes in excess thereof. Work performed above forty (40) hours per week was not paid at the statutory rate of time and one-half as required by state and federal law.

53.     Upon paying Plaintiff his wages each week, Defendants failed to provide Plaintiff with a wage statement setting forth, among other things, Plaintiff's gross wages, deductions, and net wages.

**Plaintiff Cruz Mejia**

54.     In or about June 2016, Defendants hired Plaintiff, CRUZ MEJIA, to work as a non-exempt dishwasher and food preparer at the Restaurant.

55.     Neither at the time of hire, nor anytime thereafter, did Defendants provide Plaintiff with a written wage notice setting forth, among other things, his regular hourly rate of pay, any tip credits taken against the statutory minimum wage, and Plaintiff's corresponding overtime rate of pay.

56.     Defendants failed to provide Plaintiff with a written wage notice/"tip credit" notification.

57.     In or about November 2017, Defendants promoted Plaintiff to the position of cook.

58.     In or about May 2018, Defendants – at Plaintiff's request, returned Plaintiff to the positions of dishwasher and food preparer.

59.     Plaintiff worked for Defendants until on or about March 15, 2020.

60.     Plaintiff worked over forty (40) hours per week.

61.    Throughout the entirety of his employment, Plaintiff was required to punch a time clock or other time-recording device at the beginning and end of his work shift.

62.    From the beginning of his employment and continuing through in or about October 2017 – while working as a dishwasher and food preparer, Plaintiff worked six (6) days per week and, although his work shift fluctuated slightly each day and week, he typically worked eight and one-half (8½) hours per day from 4:00 p.m. until 12:30 a.m. Plaintiff did not receive a designated break for rest or meals.

63.    From the beginning of his employment and continuing through in or about December 2016, Plaintiff was not paid proper overtime compensation. During this period, Plaintiff was paid at the rate of $85 per day ($510 per week) straight time for all hours worked, and worked approximately fifty-one (51) hours per week, and sometimes in excess thereof. Work performed above forty (40) hours per week was not paid at the statutory rate of time and one-half as required by state and federal law.

64.    Beginning in or about January 2017 and continuing through in or about October 2017 – while working as a dishwasher and food preparer, Plaintiff was not paid proper overtime compensation. During this period, Plaintiff was paid at the rate of $90 per day ($540 per week) straight time for all hours worked, and worked approximately fifty-one (51) hours per week, and sometimes in excess thereof. Work performed above forty (40) hours per week was not paid at the statutory rate of time and one-half as required by state and federal law.

65.    Beginning in or about November 2017 and continuing through in or about April 2018 – while working as a cook, Plaintiff worked five (5) days per week and,

12

although his work shift fluctuated slightly each day and week, he typically worked twelve (12) hours per day from 11:00 a.m. until 11:00 p.m. Plaintiff did not receive a designated break for rest or meals.

66.     Beginning in or about November 2017 and continuing through in or about April 2018 – while working as a cook, Plaintiff was not paid proper overtime compensation. During this period, Plaintiff was paid at the rate of $130 per day ($650 per week) straight time for all hours worked, and worked approximately sixty (60) hours per week, and sometimes in excess thereof. Work performed above forty (40) hours per week was not paid at the statutory rate of time and one-half as required by state and federal law.

67.     Upon returning to the positions of dishwasher and food preparer in or about May 2018 and continuing through the remainder of his employment on or about March 15, 2020, Plaintiff worked six (6) days per week and, although his work shift fluctuated slightly each day and week, he typically worked eight (8) hours per day four (4) days per week (as a food preparer) from 2:00 p.m. until 10:00 p.m.; and ten (10) hours per day two (2) days per week (as a dishwasher) from 12:00 p.m. until 10:00 p.m. Plaintiff did not receive a designated break for rest or meals.

68.     Upon returning to the positions of dishwasher and food preparer in or about May 2018 and continuing through the remainder of his employment on or about March 15, 2020, Plaintiff was not paid proper overtime compensation. During this period, Plaintiff was paid at the rate of $102 per day ($612 per week) straight time for all hours worked, and worked approximately fifty-two (52) hours per week, and sometimes

in excess thereof. Work performed above forty (40) hours per week was not paid at the statutory rate of time and one-half as required by state and federal law.

69.    Plaintiff was not paid for an extra hour of work at the statutory minimum wage for each day that the number of hours between the beginning and end of his work shift exceeded ten (10) hours.

70.    Upon paying Plaintiff his wages each week, Defendants failed to provide Plaintiff with a wage statement setting forth, among other things, Plaintiff's gross wages, deductions, and net wages.

71.    Defendants knowingly and willfully operate their business with a policy of not paying the New York State minimum wage to Plaintiffs and other similarly situated employees, in direct violation of the New York Labor Law and the supporting New York State Department of Labor Regulations.

72.    Defendants knowingly and willfully operate their business with a policy of not paying Plaintiffs and other similarly situated employees either the FLSA overtime rate (of time and one-half), or the New York State overtime rate (of time and one-half), in direct violation of the FLSA and New York Labor Law and the supporting federal and New York State Department of Labor Regulations.

73.    Defendants knowingly and willfully operate their business with a policy of not paying Plaintiffs and other similarly situated employees "spread of hours" premium for each day that their work shift exceeded ten (10) hours, in direct violation of the New York Labor Law and the supporting New York State Department of Labor Regulations.

14

74.     At all relevant times, upon information and belief, and during the course of Plaintiffs' employment, the Defendants failed to maintain accurate and sufficient wage and hour records.

## COLLECTIVE ACTION ALLEGATIONS

75.     Plaintiffs bring this action individually and as class representatives on behalf of themselves and all other current and former non-exempt "back-of-the-house" employees who have been or were employed by Defendants since February 9, 2018 through the close of the opt-in period as ultimately set by the Court (the "Collective Action Period"), and who were compensated at rates less than time and one-half for all hours worked in excess of forty (40) hours per workweek (the "Collective Action Members").

76.     The collective action class is so numerous that joinder of all members is impracticable.  Although the precise number of such persons is unknown, and the facts upon which the calculation of that number are presently within the sole control of Defendants, upon information and belief, there are more than twenty (20) Collective Action Members who worked for Defendants during the Collective Action Period, most of whom would not be likely to file individual suits because they lack adequate financial resources, access to attorneys, or knowledge of their claims.  Therefore, Plaintiffs submit that this matter should be certified as a collective action under the FLSA, 29 U.S.C. § 216(b).

77.     Plaintiffs will fairly and adequately protect the interests of the Collective Action Members and have retained counsel that is experienced and competent in the

15

fields of employment law and class action litigation. Plaintiffs have no interests that are contrary to or in conflict with those members of this collective action.

78.     This action should be certified as a collective action because the prosecution of separate actions by individual members of the class would create a risk of either inconsistent or varying adjudications with respect to individual members of the class, or adjudications with respect to individual members of the class that would as a practical matter be dispositive of the interests of the other members not parties to the adjudication, or substantially impair or impede their ability to protect their interests.

79.     A collective action is superior to other available methods for the fair and efficient adjudication of this controversy, since joinder of all members is impracticable. Furthermore, inasmuch as the damages suffered by individual Collective Action Members may be relatively small, the expense and burden of individual litigation make it virtually impossible for the members of the collective action to individually seek redress for the wrongs done to them. There will be no difficulty in the management of this action as a collective action.

80.     Questions of law and fact common to the members of the collective action predominate over questions that may affect only individual members because Defendants have acted on grounds generally applicable to all members. Among the common questions of law and fact common to Plaintiffs and other Collective Action Members are:

        a.     Whether Defendants employed Plaintiffs and the Collective Action
               Members within the meaning of the FLSA;

b. Whether Defendants failed to keep true and accurate wage and hour records for all hours worked by Plaintiffs and the Collective Action Members;

c. What proof of hours worked is sufficient where the employer fails in its duty to maintain time records;

d. Whether Defendants failed to pay Plaintiffs and the Collective Action Members overtime compensation for all hours worked in excess of forty (40) hours per workweek, in violation of the FLSA and the regulations promulgated thereunder;

e. Whether Defendants' violations of the FLSA are willful as that terms is used within the context of the FLSA; and,

f. Whether Defendants are liable for all damages claimed hereunder, including but not limited to compensatory, liquidated and statutory damages, interest, attorneys' fees, and costs and disbursements.

81. Plaintiffs know of no difficulty that will be encountered in the management of this litigation that would preclude its maintenance as a collective action.

82. Plaintiffs and others similarly situated have been substantially damaged by Defendants' wrongful conduct.

## STATEMENT OF CLAIM

### COUNT I
### [Violation of the Fair Labor Standards Act]

83. Plaintiffs re-allege and re-aver each and every allegation and statement contained in paragraphs "1" through "82" of this Complaint as if fully set forth herein.

84.     At all relevant times, upon information and belief, Defendants were and continue to be an employer engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a). Further, Plaintiffs and the Collective Action Members are covered individuals within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

85.     At all relevant times, Defendants employed Plaintiffs and the Collective Action Members within the meaning of the FLSA.

86.     Upon information and belief, at least within each of the three (3) most recent years relevant to the allegations herein, NINTH AVE. KITCHEN CORP. has had gross revenues in excess of $500,000.

87.     Upon information and belief, at least within each of the three (3) most recent years relevant to the allegations herein, BOYYTHAI CORP. has had gross revenues in excess of $500,000.

88.     Upon information and belief, at least within each of the three (3) most recent years relevant to the allegations herein, NINTH AVE. KITCHEN CORP. and BOYYTHAI CORP. collectively have had gross revenues in excess of $500,000.

89.     Plaintiffs and the Collective Action Members were entitled to be paid at the rate of time and one-half for all hours worked in excess of the maximum hours provided for in the FLSA.

90.     Defendants failed to pay Plaintiffs and the Collective Action Members overtime compensation in the lawful amount for all hours worked in excess of the maximum hours provided for in the FLSA.

18

91.     At all relevant times, Defendants had, and continue to have a policy and practice of refusing to pay overtime compensation at the statutory rate of time and one-half to Plaintiffs and the Collective Action Members for all hours worked in excess of forty (40) hours per work week, which violated and continues to violate the FLSA, 29 U.S.C. §§ 201 *et seq.*, including 29 U.S.C. §§ 207(a)(1) and 215(a).

92.     Defendants knowingly and willfully disregarded the provisions of the FLSA as evidenced by their failure to compensate Plaintiffs and the Collective Action Members at the statutory overtime rate of time and one-half for all hours worked in excess of forty (40) hours per week, when they knew or should have known such was due and that non-payment of overtime compensation would financially injure Plaintiffs and the Collective Action Members.

93.     As a result of Defendants' failure to properly record, report, credit and/or compensate its employees, including Plaintiffs and the Collective Action Members, Defendants have failed to make, keep and preserve records with respect to each of its employees sufficient to determine the wages, hours and other conditions and practices of employment in violation of the FLSA, 29 U.S.A. §§ 201 *et seq.*, including 29 U.S.C. §§ 211(c) and 215(a).

94.     Defendants failed to properly disclose or apprise Plaintiffs and the Collective Action Members of their rights under the FLSA.

95.     As a direct and proximate result of Defendants' violation of the FLSA, Plaintiffs and the Collective Action Members are entitled to liquidated damages pursuant to the FLSA.

96.     Due to Defendants' reckless, willful and unlawful acts, Plaintiffs and the Collective Action Members suffered damages in an amount not presently ascertainable of unpaid overtime compensation, an equal amount as liquidated damages, and prejudgment interest thereon.

97.     Plaintiffs and the Collective Action Members are entitled to an award of their reasonable attorneys' fees, costs and expenses, pursuant to 29 U.S.C. § 216(b).

**COUNT II**
**[Violation of the New York Labor Law]**

98.     Plaintiffs re-allege and re-aver each and every allegation and statement contained in paragraphs "1" through "97" of this Complaint as if fully set forth herein.

99.     Defendants employed Plaintiffs within the meaning of New York Labor Law §§ 2 and 651.

100.    Defendants knowingly and willfully violated Plaintiffs' rights by failing to pay them minimum wages in the lawful amount for hours worked.

101.    Defendants knowingly and willfully violated Plaintiffs' rights by failing to pay Plaintiffs overtime compensation at the rate of time and one-half for each hour worked in excess of forty (40) hours in a workweek.

102.    Employers are required to pay a "spread of hours" premium of one (1) additional hour's pay at the statutory minimum hourly wage rate for each day where the spread of hours in an employee's workday exceeds ten (10) hours. New York State Department of Labor Regulations § 146-1.6.

103.    Defendants knowingly and willfully violated Plaintiffs' rights by failing to pay "spread of hours" premium to Plaintiffs for each day that their work shift exceeded ten (10) hours pursuant to New York State Department of Labor Regulations.

20

104. Defendants failed to properly disclose or apprise Plaintiffs of their rights under the New York Labor Law.

105. Defendants failed to furnish Plaintiffs with a statement with every payment of wages listing gross wages, deductions and net wages, in contravention of New York Labor Law § 195(3) and New York State Department of Labor Regulations § 146-2.3.

106. Defendants failed to keep true and accurate records of hours worked by each employee covered by an hourly minimum wage rate, the wages paid to all employees, and other similar information in contravention of New York Labor Law § 661.

107. Defendants failed to establish, maintain, and preserve for not less than six (6) years payroll records showing the hours worked, gross wages, deductions, and net wages for each employee, in contravention of the New York Labor Law § 194(4), and New York State Department of Labor Regulations § 146-2.1.

108. Neither at the time of their hiring, nor thereafter, did Defendants notify Plaintiffs of their rates of pay and their regularly designated payday, in contravention of New York Labor Law § 195(1).

109. Due to Defendants' New York Labor Law violations, Plaintiffs are entitled to recover from Defendants their unpaid minimum wages, unpaid overtime compensation, unpaid "spread of hours" premium, reasonable attorneys' fees, and costs and disbursements of this action, pursuant to New York Labor Law §§ 663(1), 198.

110.   Plaintiffs are also entitled to liquidated damages pursuant to New York Labor Law § 663(1), as well as statutory damages pursuant to the New York State Wage Theft Prevention Act.

## **PRAYER FOR RELEIF**

**WHEREFORE**, Plaintiffs QUIRINO ORTEGA GONZALEZ, ANTONIO ORTEGA GONZALEZ, and CRUZ MEJIA, on behalf of themselves and all similarly situated Collective Action Members, respectfully request that this Court grant the following relief:

(a)   An award of unpaid minimum wages due under the New York Labor Law;

(b)   An award of unpaid overtime compensation due under the FLSA and New York Labor Law;

(c)   An award of unpaid "spread of hours" premium due under the New York Labor Law;

(d)   An award of liquidated damages as a result of Defendants' failure to pay overtime compensation pursuant to 29 U.S.C. § 216;

(e)   An award of liquidated damages as a result of Defendants' failure to pay minimum wages and overtime compensation pursuant to the New York Labor Law and the New York State Wage Theft Prevention Act;

(f)   An award of statutory damages pursuant to the New York State Wage Theft Prevention Act;

(g)   An award of prejudgment and post-judgment interest;

(h)   An award of costs and expenses associated with this action, together with reasonable attorneys' and expert fees; and

(i)     Such other and further relief as this Court determines to be just and proper.

## JURY DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs demand

trial by jury on all issues.

Dated: New York, New York
       February 9, 2021

Respectfully submitted,

CILENTI & COOPER, PLLC
*Attorneys for Plaintiffs*
10 Grand Central
155 East 44th Street – 6th Floor
New York, NY 10017
T. (212) 209-3933
F. (212) 209-7102

By: _____
       Giustino (Justin) Cilenti (GC2321)

23

## CONSENT TO SUE UNDER
## FAIR LABOR STANDARDS ACT

I, **Quirino Ortega Gonzalez**, am an individual currently or formerly employed

by **Yum Yum Too**, and/or related entities. I consent to be a plaintiff in the above-

captioned action to collect unpaid wages.

Dated: New York, New York
       January 5, 2021

_____
**Quirino Ortega Gonzalez**

## CONSENT TO SUE UNDER
## FAIR LABOR STANDARDS ACT

I, **Antonio Ortega Gonzalez**, am an individual formerly employed by **Yum Yum Too**, and/or related entities. I consent to be a plaintiff in the above-captioned action to collect unpaid wages.

Dated: New York, New York
January 5, 2021

X _____
**Antonio Ortega Gonzalez**

## CONSENT TO SUE UNDER
## FAIR LABOR STANDARDS ACT

I, **Cruz Mejia**, am an individual formerly employed by **Yum Yum Too**, and/or

related entities. I consent to be a plaintiff in the above-captioned action to collect unpaid

wages.

Dated: New York, New York
   January 5, 2021

        X _____
          **Cruz Mejia**

### NOTICE OF INTENTION TO ENFORCE SHAREHOLDER
### LIABILITY FOR SERVICES RENDERED

TO: Amnard Bhuviriyakul, Nares Jetanamest, and Peter Kwanchaipruck

PLEASE TAKE NOTICE that pursuant to the provisions of Section 630 of the Business Corporation Law of New York, you are hereby notified that Quirino Ortega Gonzalez, Antonio Ortega Gonzalez, and Cruz Mejia, and others similarly situated, intend to charge you and hold you personally liable as one of the ten largest shareholders of Ninth Ave. Kitchen Corp. and Boyythai Corp., for all debts, wages, and/or salaries due and owing to them as laborers, servants and/or employees of the said corporation for services performed by them for the said corporation within the six (6) years preceding the date of this notice and have expressly authorized the undersigned, as their attorneys, to make this demand on their behalf.

Dated: New York, New York
     February 9, 2021

CILENTI & COOPER, PLLC
*Attorneys for Plaintiffs*
10 Grand Central
155 East 44th Street – 6th Floor
New York, New York 10017
T. (212) 209-3933
F. (212) 209-7102

By:
    Justin Cilenti